UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NIKOLAS M. JORDAN,

    Petitioner,

      v.                   CAUSE NO. 3:25-CV-617-CCB-SJF

WARDEN,

    Respondent.

## <u>OPINION AND ORDER</u>

Nikolas M. Jordan, a prisoner without a lawyer, filed a habeas petition challenging a disciplinary decision (ISR-25-3-1039) at the Pendleton Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of assaulting staff in violation of Indiana Department of Correction Offense 117. Following a hearing, he was sanctioned with the loss of one hundred eighty days earned credit time and a demotion in credit class.

The Warden argues that Jordan cannot proceed on his habeas petition because he did not properly exhaust his administrative remedies. Generally, State prisoners must exhaust available State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2254(b). However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

Under the applicable departmental policy, inmates may appeal disciplinary decisions to the Warden or a facility designee. ECF 19-9 at 55-57. If inmates are not satisfied with the results of the first appeal, they may submit a second appeal to the Appeal Review Officer designated by the department commissioner. *Id.* According to the affidavit of an Appeal Review Officer, the electronic database maintained by the Indiana Department of Correction reflects that Jordan did not submit any administrative appeal in connection with the disciplinary decision that is the subject of this case. ECF 19-7, ECF 19-8.

Jordan replies that he submitted an appeal but never received a response. It is unclear whether Jordan is arguing that he properly exhausted the administrative appeal process or arguing that he qualifies for the cause-and-prejudice exception. *See Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008) ("A defendant may overcome procedural default by showing both cause for failing to abide by the state procedural rules, and a resulting prejudice from that failure."). Either way, his explanation is too vague; he does not explain when he submitted the appeal, where he sent it, or what he wrote in it. Nevertheless, the court will consider the merits of the claims for the sake of completeness. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Jordan argues that he is entitled to habeas relief because the administrative record contained no evidence to support a finding of guilt.

2

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which Sergeant Byers represented that, on March 18, 2025, she attempted to leave the infirmary and ordered Jordan to step back. ECF 19-1. Jordan argued with her, and Sergeant Byers ordered him to leave the infirmary. *Id.* He left the infirmary building, but, as Sergeant Byers left the building moments later, Jordan charged her and punched her once in the face and once in the body. *Id.* The administrative record also includes a witness statement from a correctional officer who assisted Sergeant Byers with restraining Jordan following the attack, and this witness statement is consistent with the conduct report. ECF 19-5. The conduct report and the witness statement constitute some evidence that Jordan assaulted a staff member as charged. Therefore, the claim that the administrative record lacked any incriminating evidence is not a basis for habeas relief.

Jordan argues that he is entitled to habeas relief because correctional staff "completely denied all paperwork." ECF 17 at 2. Though this claim is somewhat vague, he specifically mentions the conduct report and written explanation of the decision. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to

3

marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). Procedural due process also requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Id.*

Whether Jordan received notice of the disciplinary charges is disputed by Officer Kennedy's attestation that he or she provided Jordan with a copy of the conduct report and the screening report. However, even assuming that Jordan did not receive notice of the charges or a written explanation of the decision, it appears to amount to harmless error. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same). Jordan offers no explanation as to how these procedural deficiencies affected the outcome of his disciplinary hearing even after receiving these documents in the course of this habeas case. Therefore, the failure to provide Jordan with notice of the charges or a written explanation of the decision is not a basis for habeas relief.

Finally, Jordan argues that he is entitled to habeas relief because the hearing officer was unfairly biased against him due to a familial relationship with Sergeant Byers, who wrote the conduct report. According to Jordan, the hearing officer and Sergeant Byers are siblings. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). "Due process does forbid officials who are directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation thereof, from serving on the board hearing the charge." *Id.* at 667. A close romantic or family relationship with a

4

significant witness might also constitute improper bias in the context of a prison disciplinary hearing. *See Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009).

The Warden submitted a declaration in which the hearing officer attests that he has "no relation to Sergeant Byers." ECF 19-6. Though Jordan attests to the contrary, he offers no explanation for how the alleged sibling relationship is within his personal knowledge. *See* Fed. R. Evid. 602. Nor does he offer any other corroborating evidence. Consequently, the court finds no genuine dispute regarding the lack of a familial relationship between the hearing officer and Sergeant Byers. Therefore, the claim of improper bias is not a basis for habeas relief.

Because Jordan has not exhausted administrative remedies and because he has not asserted a valid claim for habeas relief, the habeas petition is denied. If Jordan wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) **DENIES** the amended habeas corpus petition (ECF 8);

(2) **DIRECTS** the clerk to enter judgment and close this case; and

(3) **DENIES** Nikolas M. Jordan leave to proceed *in forma pauperis* on appeal.

SO ORDERED on June 23, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT